JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07378 RGK (AJWx) | Date | November 20, 2013 |
|---|---|---|---|
| Title | *Controulis v. Anheuser-Busch, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 15)**

## I. INTRODUCTION

On October 4, 2013, Defendant Anheuser-Busch, LLC ("AB") removed this action from the Los Angeles Superior Court to the United States District Court, Central District of California. AB's Notice of Removal states that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), and because the action is preempted by the Labor Management Relations Act ("LMRA"). Because the Court finds that neither of these arguments provide a basis for removal, the Court **GRANTS** Plaintiff's Motion to Remand.

## II. FACTUAL BACKGROUND

Plaintiff has been employed by AB since 1980 as a bottler at AB's Los Angeles brewery. As a bottler, Plaintiff is a member of the Teamsters Local Union 896. His terms of employment were governed by a collective bargaining agreement ("CBA"). The CBA provided that AB would distribute two free cases of beer each month to each employee who met certain requirements in the previous month. *See* Declaration of Margaret Drust in Support of Removal, Exh. A, § 10. According to Section 13 of the CBA, these two free cases of beer are not included in the calculation of the regular rate of pay. *Id.* at § 13. The parties dispute whether the failure to include the value of the free beer in the regular rate of pay violates California law.

## III. JUDICIAL STANDARD

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit

has held unequivocally that the removal statute is strictly construed against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). We must reject jurisdiction if there is any doubt as to whether removal is proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996). The proponent of removal always bears the burden of establishing that removal is proper. *Gaus v. Miles., Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The enactment of CAFA does not alter this rule. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ( "[When enacting CAFA] Congress intended to maintain the historical rule that it is the proponent's burden to establish a prima facie case of removal jurisdiction.").

## IV.   DISCUSSION

Defendant argues that the Court has subject matter jurisdiction on two grounds: (1) under CAFA, 28 U.S.C. § 1332(d), and (2) under 28 U.S.C. § 1331. For the following reasons, the Court disagrees.

### A.   Jurisdiction is Improper Under CAFA Because PAGA Penalties Are Not Individual Claims Subject to Aggregation

Under CAFA, the district courts have original jurisdiction over a class action where there is minimal diversity and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). To determine whether the amount in controversy exceeds $5,000,000, the claims of individual class members shall be aggregated. 28 U.S.C. § 1332(d)(6).

AB has failed to demonstrate that the aggregated claims of individual class members exceed $5,000,000. AB provided two figures that together exceed $5,000,000: (1) $1,696,000 in potential wage statement penalties under Labor Code § 226; and (2) $4,536,800 in potential PAGA penalties for all potentially aggrieved employees. This Court can find no binding law squarely addressing whether PAGA penalties may be aggregated to reach CAFA's amount in controversy requirement. For the reasons that follow, the Court finds that such claims may not be aggregated under CAFA, at least not as to penalties due to the state, rather than to individual class members.

The $4,536,800 in potential PAGA penalties are not "claims of individual class members," as required by 28 U.S.C. § 1332(d)(6). If the representative plaintiff prevails in a PAGA claim, the aggrieved employees are statutorily entitled to only 25 percent of the civil penalties, while the remaining 75 percent is paid to the state. *Urbino v. Orkin Servs. of Calif., Inc.*, 726 F.3d 1118, 1121 (9th Cir. 2013). The reasoning of *Urbino* suggests that PAGA penalties are not claims of individual plaintiffs because the "primary benefit" of such penalties "inure[s] to the state." *Id.* at 1123 (holding that PAGA penalties are not included for purposes of 1332(a) amount in controversy requirement). Given that the state is not a "class member" and PAGA penalties are not "claims of individual class members," as required by 28 U.S.C. § 1332(d)(6), such penalties cannot be aggregated to meet the $5,000,000 amount in controversy requirement. *See Urbino*, 726 F.3d at 1123 ("The state, as the real party in interest, is not a 'citizen' for diversity purposes"). While the actual labor code violations are individual claims of class members, *See Urbino*, 726 F.3d at 1122, the 75 percent of PAGA penalties paid to the state should not be included in the amount in controversy calculation. Even if the 25 percent of PAGA penalties payable to the individual class members are included, the amount in controversy does not exceed $5,000,000. As such, AB has failed to establish subject matter jurisdiction under CAFA, 28 U.S.C. § 1332(d).

### B.   Plaintiff's State Law Claims Are Not Preempted by the LMRA

Defendant also argues removal is proper under 28 U.S.C. § 1331 because Plaintiff's state law claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"). Section 301 provides for federal jurisdiction to ensure uniform interpretation and analysis of CBAs. AB contends that the resolution of Plaintiff's claims requires interpretation and analysis of the CBA because all wages, including overtime, were deliberately discussed, negotiated, and memorialized in the CBA. The

Ninth Circuit has dismissed the same argument in a similar case, holding that where there is no *dispute* over the terms of the CBA or its interpretation, the state law claim is not preempted. *See Gregory v. SCIE, LLC*, 317 F.3d 1050 (2003); *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001). The CBA in this case explicitly provides that the overtime rate "shall be equal to one and one-half times the regularly hourly rate, which shall be the weekly rate divided by thirty-seven and one-half." The regular rate is defined in the CBA as the "straight-time rate (including the shift differential specifically designated as such herein)." According to the CBA, the straight-time rate does not include incentive pay, such as the value of the two free cases of beer that employees receive each month. Therefore, the issue before the Court is not *how* the overtime rate is calculated, which is undisputed, but whether the calculation violates California law. Accordingly, Section 301 of the LMRA does not preempt Plaintiff's state law claims.

## V.     CONCLUSION

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

                                                                                                        :

**Initials of Preparer**